**In re Harlan Charles RAIFORD, II, Debtor.**

**Benjamin C. ABNEY, Trustee, Plaintiff,**

v.

**Harlan Charles RAIFORD, II, Defendant.**

Bankruptcy No. 80–00030A.
Adv. No. 80–0384A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Nov. 3, 1981.

Charles B. Zirkle, Jr., Carr, Abney, Tabb & Schultz, Atlanta, Ga., for plaintiff.

William L. Horton, Decatur, Ga., John Walton Henderson, Jr., Quinton T. Hudson, Moffett & Henderson, P.C., Atlanta, Ga., for defendant.

**ORDER**

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the trustee's complaint objecting to the debtor's discharge under 11 U.S.C. § 727(a)(2), (3), and (4). The trustee bases his objection on the debtor's guilty plea entered on October 6, 1980, to the charge of

"knowingly and fraudulently making false declarations, certifications, verifications and statements under penalty of perjury in relation to a case under Title 11, United States Code, in violation of Section 152, Title 18, United States Code, as charged in counts one and two of the indictment and in contemplating the filing of a case under Title 11, United States Code, knowingly and fraudulently making a false entry in a document relating to the property and affairs of a debtor, in violation of Section 152, Title 18, United States Code, as charged in counts three and four of the indictment."

The question presented by the instant case is whether a plea of guilty to a criminal charge arising out of a bankruptcy case is conclusive concerning the subject of that guilty plea in a civil matter in said bankruptcy case. In the case of *State Farm Mutual Automobile Insurance Company v. Worthington*, 405 F.2d 683 (8th Cir. 1968), Clifford Stevens, the insured, plead guilty to manslaughter for the killing of Galen Worthington. Mr. Stevens' insurer sought to exclude Mr. Stevens' act from coverage arguing that the injury to Mr. Worthington was the result of an intentional act. State Farm Mutual Automobile Insurance Company argued that Mr. Stevens' guilty plea to the criminal charge of manslaughter was conclusive on the issue of whether he intentionally inflicted the fatal injury to Mr. Worthington. The Court in *State Farm Mutual Automobile Insurance Company, supra*, held that

"The plea is admissible as an admission against interest but it is not conclusive

and defendant may offer his explanation of the plea and his version of the occurrence that occasioned the criminal charge." [citations omitted]. *State Farm Mutual Automobile Insurance Company, supra,* at 687.

The instant case is distinguishable from *State Farm Mutual Automobile Insurance Company, supra.* Mr. Raiford's guilty plea here was to a bankruptcy crime which arose out of the same case in which he now seeks his discharge. Also, a bankruptcy discharge is not the same type of civil proceeding as a tort claim. Therefore, this Court holds that where a debtor in a bankruptcy case pleads guilty to a bankruptcy crime arising out of his case, that plea is properly conclusive as to his discharge in that case.

Accordingly, the trustee's motion for summary judgment is granted.

IT IS SO ORDERED.